FILED
3/25/2020 1:36 PM
Tammy M. Howard, Clerk
Superior & State Court
Douglas County, GA
20SV00287

# IN THE STATE COURT DOUGLAS COUNTY
# STATE OF GEORGIA

HEATHER AMARTEIFIO )
    *Plaintiff*, )
               )    Civil Action 20SV00287
V )    File No: _____
               )
               )
WALMART INC. )
               )
    *Defendant*, )

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Heather Amarteifio, and by and through her undersigned attorney, and files this action for demands against the Defendant Walmart Inc. and state her complaint as follows:

1.

That the Plaintiff Heather Amarteifio, is an adult citizen of the State of Georgia and a resident of Fulton County.

2.

That the Defendant, Walmart Inc., hereinafter referred to as "Defendant," is a foreign corporation doing business in Georgia, who at all material times owned and operated a business in Georgia and committed a tort in Georgia, is subject to the jurisdiction of this Court.

3.

1

20SV00287

On or about July 23, 2018, Defendant was the owner and operator of Walmart Supercenter (#3205) located at 1100 Thornton Road, Lithia Springs, in Douglas County.

4.

On the aforementioned date, Plaintiff went onto Defendant's premises to shop, and while therein, she was cause to slip and fall as a result of either lotion or some other transitory substance on the floor in the children's department.

5.

Defendant knew or, in the exercise of reasonable care should have known of the condition, or Defendant created the condition either through the acts of its employees, in its negligent maintenance of equipment, or in its negligent method of operation, and Defendant should have corrected the condition or warned Plaintiff of its existence. Also, defendant should have had non-slip surface, which would have prevented the fall, which resulted from a foreseeable condition.

6.

Solely as a result of the failure or negligence of the Defendant, Plaintiff sustained serious and severe injuries to her person including but not limited to the following: left hip sprain; patellar tendinitis; left knee patellar tendinitis; left hip rectus femoris strain; right ankle and joint pain, synovitis and tenosynovitis of the right ankle and foot; and sprain of the right foot.

7.

20SV00287

Solely as a result of the injuries aforementioned, the Plaintiff has incurred damages, including:

a. Medical expenses;

b. Lost wages;

c. She has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;

d. She has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity; and

e. Her overall health, strength, and vitality have been greatly impaired.

## COUNT I
## NEGLIGENCE OF THE DEFENDANT

8.

The Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 7 above as if each were fully and completely set forth herein.

9.

The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant, Walmart Inc., which consisted inter alia of the following particulars:

f. Failing to properly supervise the common areas in question so as to furnish to the Plaintiff, Heather Amarteifio, a safe and non slippery aisle,

3

20SV00287

free from hazards which were recognized or should have been recognized by Defendant, Walmart Inc., as causing or likely to cause the serious physical harm to the Plaintiff, Heather Amartiefio, and others;

g.  Failing to maintain the walking areas in its store in a safe condition to ensure that the Plaintiff would not be caused to slip and fall as a result of the lotion which existed and which were known and should have been known to the Defendant;

h.  Failing to properly inspect the parking walking area or aisle wherein the Plaintiff was caused to fall as a result of not removing or mopping the lotion form the floor;

i.  Failing to maintain the premises owned by the Defendant in good and safe condition for the Plaintiff and others;

j.  Failing otherwise to comply with the applicable laws and regulations of the State of Georgia and the applicable Federal laws and regulations;

k.  Otherwise failing to exercise the degree of care required under the circumstances; and

l.  Otherwise being negligent.

10.

As a result of the aforesaid conduct and breach of care of the Defendant, Walmart Inc., Plaintiff sustained the injuries, losses, and damages, which were more fully described above, without any negligence of the Plaintiff contributing thereto.

4

20SV00287

WHEREFORE: Plaintiff demands judgment against Defendant for the sum of $150,000.00, plus costs, pre-judgment interest, post-judgment interest, and for any further relief that this Honorable Court deems appropriate.

Dated: March 25, 2020.

Respectfully submitted,

*/S/ Agbor Ebot Tabi/*

Agbor Ebot Tabi
Attorney for Plaintiff
Georgia Bar No. 649541

**OF COUNSEL**:
ROBERT AKOMAH & ASSOCIATES
2759 Delk Road, Suite 2590
Marietta, Georgia 30067
Tel: 770-937-0755
Fax: 770-937-0552
Adolphtabi@gmail.com

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

HEATHER AMARTEIFIO,

        Plaintiff,

v.

WALMART INC. ,

        Defendant.

_____/

Civil Action File No.
20SV00287

## ANSWER OF DEFENDANT

COMES NOW, Defendant WALMART INC. (erroneously named) and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Walmart Inc. is not a proper Defendant.

## SECOND DEFENSE

Jurisdiction is not proper as to Walmart Inc.

## THIRD DEFENSE

Venue is not proper as to Walmart Inc.

## FOURTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and insufficiency of process as to Walmart Inc.

<u>FIFTH DEFENSE</u>

Plaintiff has failed to join an indispensable party.

<u>SIXTH DEFENSE</u>

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

<u>SEVENTH DEFENSE</u>

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

<u>EIGHTH DEFENSE</u>

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

<u>NINTH DEFENSE</u>

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>TENTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

<u>ELEVENTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint, including subparagraphs a., b., c., d., and e., thereof.

8.

Defendant incorporates herein by reference the answers contained in paragraphs 1 through 7 above as if each were fully and completely set forth herein.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint, including subparagraphs f., g. h., i., j., k., and l. thereof.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

12.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


/s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


/s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART INC. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the  1st   day of May, 2020.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com